## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ACTION CAPITAL PROPERTIES, )
LLLP, *et al.*, )
)                Case No. 19-1784L
     Plaintiffs, )
v. )                Hon. Lydia K. Griggsby
)
UNITED STATES OF AMERICA, )                (E-Filed March 2, 2020)
)
     Defendant. 

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A(III)(4) and (5) of the Rules of the United States Court of Federal Claims ("RCFC"), the parties submit this Joint Preliminary Status Report.  The early meeting of counsel was held via telephone on February 13, 2020, and was attended by Michael Smith, for Plaintiffs, and Dustin Weisman of the United States Department of Justice, for the United States.

**Paragraph 4(a)        Jurisdiction**

Plaintiffs allege a violation of the Fifth Amendment of the Constitution arising from the application of the National Trails System Act Amendments of 1983, 16 U.S.C. § 1247(d) (the "Trails Act") and the Surface Transportation Board's ("STB's") issuance of a Decision and Notice of Interim Trail Use or Abandonment ("NITU") on November 5, 2019.  The parties agree that this Court has jurisdiction over takings claims brought under the Fifth Amendment pursuant to the Tucker Act, 28 U.S.C. § 1491.

**Paragraph 4(b)        Consolidation**

Plaintiffs' Position

The United States does not set forth a proper basis for consolidation under the rules. Pursuant to Rule 40.2(a)(2), cases are directly related when "they involve the same parties and are based on the same or similar claims" or "they involved the same contract, property, or

-1-

patent." Thus, the rule has the specific requirements, none of which are met here. These are not the same parties. None of the plaintiffs in *Howarth*, *et al. v. United States*, No. 19-1745L (Fed. Cl.) are the same in this case. And while the claims may be similar, this is not enough. For consolidation under 40.2(a)(2)(A), they must be the "same" "**and**" involve the "same or similar claims." The rule is unequivocal. Furthermore and likewise, consolidation under 40.2(a)(2)(B) cannot occur because the *Howarth* case does not involve the "**same** … property." Although the cases apply to the same government action, the sections of rail line that constitute the partial taking of land by the government for each Plaintiff are separate and distinct. In addition, the remainder parcels are obviously different. The before and after appraisals that will be performed by the experts will be separate analysis on separate property. Because the United States bypasses the requirements for consolidation entirely and in any event they cannot be satisfied, this Court should reject the United States' request for consolidation.

<u>United States' Position</u>

The United States' position is that this case and *Howarth*, *et al. v. United States*, No. 19-1745L (Fed. Cl.) are "directly related" and should be consolidated.  Such consolidation would "conserve judicial resources" and "promote the efficient administration of justice" because the United States anticipates taking the same type of fact and expert discovery in both cases.  RCFC 40.2(a)(3)(A)(iii).  In fact, the Surface Transportation Board documents and most historic mapping documents will be the same in both cases as will many of the source deeds.  Although the Plaintiffs-landowners in *Howarth* are represented by different counsel, consolidation of the cases will not disrupt proceedings as both cases are at the same stage procedurally.  Furthermore, the summary judgment briefing in *Howarth*, if necessary, will be duplicative of any briefing in *Action Capital* because both cases involve a potential dispute as to the property interest two

specific source instruments conveyed to the railroad.  Even if the Court does not consolidate the two cases, the Court should direct that the two cases proceed on a coordinated schedule.

**Paragraph 4(c)         Bifurcation**

Plaintiffs' Position

Although Plaintiffs believe that bifurcation of rails-to-trails cases unnecessarily extends the time these actions take to resolve, Plaintiffs recognize that the CFC prefers such an approach. For this reason the Plaintiffs agree that the case should be bifurcated into a liability and just compensation phase.  However, Plaintiffs reject the United States' concept that all liability issues cannot be satisfied during the same time span.  In fact, it is extremely unclear to Plaintiffs what distinction the United States is making when it identifies "title issues."  The liability issues in this case, of which the Plaintiffs agree, are straightforward and do not need to be delineated into separate liability phases.

The Plaintiffs also disagree with the government that a summary judgment briefing schedule cannot be set at this time.  It is Plaintiffs' counsel's experience that setting a briefing schedule at an early time motivates the parties to move cases forward more quickly and efficiently.  And that taking the piecemeal approach to scheduling that the United States recommends unnecessarily extends the litigation and expends additional judicial resources.

For much the same reasons Plaintiffs reject the United States' argument that it is too early to schedule trial.  Setting a trial date motivates the parties to resolve liability issues in a timely manner, and reach areas of agreement and settle cases, if that is possible.  This is how the vast majority of federal cases are managed.

Plaintiffs also reject the United States' claim that setting a trial schedule would be "prejudicial" to its case.  Plaintiffs' would propose a schedule that would be fair and adequately

account for preparation time for both parties.  Prejudice can be said to arise if a party is not provided sufficient notice of another party's position or denied adequate preparation time.  It is impossible for a schedule that does not exist to be prejudicial to a party.  With respect to the United States comment that any such schedule **might** diverge from *Howarth*, that is immaterial. These Plaintiffs are represented by different counsel.  Accordingly, these Plaintiffs are entitled to have their case managed by such counsel in a manner that advances their interests, not the interests of other landowners in separate matters.  Finally, the United States' claim that "summary judgment briefing and trial schedule would be speculative" is patently absurd.  It is literally the circumstances for any case that is ever filed that trial and briefing is speculative until it happens.  It is always possible that a case could be settled without liability briefing or trial. Allowing the United States to prevent this case from going forward in a timely manner is a practice this Court should completely reject.  If cases proceeded such a way the courts would become hopelessly clogged.

United States' Position

The United States believes that, for efficiency purposes, this case should be bifurcated into: (1) a title-determination and liability phase; and (2) a just compensation phase, if Plaintiffs establish liability.  The parties should address the title issues first, then, as necessary, any remaining liability issues.  The United States anticipates that title issues will be determined by stipulation or cross-motions for summary judgment, and that initial discovery should be limited to such title issues.  Following the initial discovery period, the parties will file a Joint Status Report to update the Court on the status of the case and whether further discovery is needed.  If the parties agree further discovery is not needed, the parties will propose dates for the filing of dispositive motions.  Following resolution of liability, the parties should confer and file a joint

status report proposing a schedule for further proceedings that may include settlement discussions, discovery, and a pre-trial schedule.

The United States opposes setting a summary judgment briefing schedule at this early stage and strongly opposes setting a trial date now, at the outset of litigation. The necessity, timing, and scope of liability briefing and trial cannot be determined yet, especially when the United States has not even seen Plaintiffs' claim book. Setting a schedule now would not only be prejudicial to the United States, it would likely result in the waste of the parties', and Court's resources because any summary judgment briefing and trial schedule would be speculative. Furthermore, setting summary judgment and/or trial dates in this case would likely cause the case to diverge from the schedule in *Howarth*.

**Paragraph 4(d)          Deferral of Case**

Plaintiffs' Position

The United States proposes that this case should be deferred if not consolidated. Not only does such relief not exist under the Rules, the United States' demands remove Plaintiffs' right to have their case managed by their own counsel. Even more unsettling is that the United States is in effect asking for a court order that requires Plaintiffs to proceed with alternative dispute resolution. ADR is purely voluntary. The United States cannot hijack this schedule and saddle this case to another that might settle, with the hope that this case might settle as well. It is audacious for the United States to even entertain the thought of such an approach.

United States' Position

If *Action Capital* and *Howarth* are not consolidated, the United States may move for a deferral of *Action Capital* pending the outcome of *Howarth*, the first filed case. The parties in *Howarth* anticipate retaining a joint appraiser following the liability phase of the case. Plaintiffs

in *Action Capital* are opposed to a joint appraiser and wish to retain separate appraisers.  In the absence of a joint appraiser, the United States believes that judicial economy and the parties' resources would best be conserved if the United States could assess the possibility of settling the instant case through an offer of judgement after it reviews the appraisal reports of the *Howarth* properties.

**Paragraph 4(e)         Remand or Suspension**

The parties are not seeking a remand or suspension.

**Paragraph 4(f)         Additional Parties**

The parties do not anticipate joining additional parties at this time.

**Paragraph 4(g)         Dispositive Motions and Proposed Schedule**

The parties believe that title and/or liability issues in this case can be resolved through stipulations or through the filing of cross-motions for partial summary judgment under RCFC 56.

**Paragraph 4(h)         Relevant Issues**

The parties agree that the relevant issues are:

(1) Did Plaintiffs own an interest in property subject to the NITU on the date of the alleged taking?

(2) Under Georgia law, what was the nature of the property interest originally acquired by the railroad and, correspondingly, the nature of the property interest retained by the original grantor(s), if any?

(3)  If the railroad obtained only an easement on the subject railroad right-of-way, did the scope of any easements obtained allow the easement to be used for railbanking and interim trail use?

(4)  If the Court determines that there has been a taking of Plaintiffs' interests in their property, what is the amount of "just compensation" due to Plaintiffs under the Fifth Amendment and the amount of any reimbursable fees and costs under the applicable provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) (2000)?

**Paragraph 4(i)          Likelihood of Settlement and Contemplation of ADR**

The parties agree that further exploration of the facts is necessary before they can determine the likelihood of settlement.  The parties further agree that they will consider the possible use of alternative dispute resolution procedures after exploration of the underlying facts.

**Paragraph 4(j)          Likelihood of Trial**

At this time, the parties believe threshold property ownership questions can be resolved through stipulations and, as necessary, on cross-motions for summary judgment, and they do not believe that a trial will be necessary to determine title issues.  The parties do not believe an expedited trial schedule is appropriate for this case.

**Paragraph 4(k)          Special Issues Regarding Electronic Case Management Needs**

At this time, the parties are not aware of any special issues regarding electronic case management needs of which the Court should be aware.

**Paragraph 4(l)          Other Information**

Plaintiff Ferrero Hodges Investment Group, LLC, currently appears as a plaintiff in, and represented by counsel for, *Howarth*, *et al*. and *Action Capital*, *et al*.  Plaintiffs' counsel for those cases will determine who will represent Ferrero Hodges Investment Group, LLC, and then file an amended pleading.

**Paragraph 5**

As part of conferring on a proposed schedule for the case, the parties discussed the fact that counsel for the United States, Mr. Weisman, is anticipated to be called to active military service from March 21, 2020 through some time in August 2020, and, that counsel for the United States, Ms. McGurk, expects to be unavailable from May 11, 2020, through July 3, 2020, due to her role in the trial *Idecker Farms, Inc., et al., v. United States*, No. 14-00183 (Fed. Cl.)  The parties agreed to an expedited claims book schedule, and agreed to attempt to work around counsel for the United States' schedule.

The parties agree on a schedule up to Plaintiffs' reply to Objection to Claims Book, but disagree on the schedule after that point in time.  The parties propose the following schedules:

<u>Plaintiffs' Position</u>

| | |
|---|---|
| Parties to exchange initial disclosures | **March 6, 2020** |
| United States to provide Plaintiffs' counsel Objections to Claims Book | **April 3, 2020** |
| Plaintiffs' reply to Objections to Claims Book | **April 17, 2020** |
| Parties to file any stipulations. | **April 24, 2020** |
| Parties submit a Joint status Report with a proposed schedule for liability briefing, if necessary, or a schedule for a trial on valuation. | **May 1, 2020** |

<u>United States' Position</u>

| | |
|---|---|
| Parties to exchange initial disclosures | **March 6, 2020** |
| United States to provide Plaintiffs' counsel Objections to Claims Book | **April 3, 2020** |
| Plaintiffs' reply to Objections to Claims Book | **April 17, 2020** |
| Parties submit a Joint status Report with a proposed schedule For further proceedings as well as any stipulations as to title | **May 1, 2020** |

Respectfully submitted this 2nd day of March, 2020.

**Steward, Wald & McCulley, LLC**

*/s/ Michael J. Smith*
Michael J. Smith
Steven M. Wald
12747 Olive Blvd. Suite 280
St. Louis, MO 63141
(314) 720-0220
(314) 899-2925 (facsimile)
wald@swm.legal
smith@swm.legal

and

Thomas S. Stewart
Elizabeth G. McCulley
2100 Central St. Suite 22
Kansas City, MO 64108
(816) 303-1500
(816) 527-8068 (facsimile)
stewart@swm.legal
mcculley@swm.legal


*Attorneys for Plaintiffs*

PRERAK SHAH
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Dustin J. Weisman*
DUSTIN J. WEISMAN
ELIZABETH MCGURK
Trial Attorney
Natural Resources Section
4 Constitution Square
150 M Street NE, Room 3.153
Washington, DC 20002
Telephone: (202) 305-0432
Facsimile: (202) 305-0506
E-Mail: dustin.weisman@usdoj.gov
E-Mail: elizabeth.mcgurk@usdoj.gov

*Attorneys for the United States*